DECISION AND JUDGMENT ENTRY
{¶ 1} Thomas Branham ("Appellant") appeals the judgment of the Scioto County Court of Common Pleas finding him guilty of complicity in the manufacture of methamphetamine. He contends the following: (1) the trial court deprived him of a fair trial and committed plain error when it *Page 2 
failed to issue certain jury instructions; (2) trial counsel provided him with ineffective assistance; and (3) the trial court's decision was against the manifest weight of the evidence. Because we find that each of the Appellant's arguments is without merit, we affirm the judgment of the trial court.
 II. Facts {¶ 2} On November 11, 2006, two Scioto County Sheriffs Deputies were patrolling the Lute Cemetery Road area near McDermott, Scioto County, Ohio, acting on a tip that a local fugitive had been in that area. After several minutes of searching, they were unable to locate the fugitive, and thus decided to stop at the Lute Cemetery Road residence of one Cindy Nuckols. Ms. Nuckols had provided one of the deputies with reliable information relative to past investigations, and the deputy wanted to ask Ms. Nuckols if she should contact him in the event that she saw the fugitive in the area. As the deputy approached Ms. Nuckols' residence, he noticed an odor of ether and other chemicals that alerted him to the possibility he was in close proximity to a "meth cook", the active manufacture of methamphetamine.
 {¶ 3} The deputy continued to the residence and knocked on the door, to which a voice from inside asked, "Who is it?" When the deputy *Page 3 
responded "Steve," the voice from inside the residence said "come on in" and the deputy complied. When the deputy entered the Nuckols residence, he happened onto the scene of an active "meth cook" with multiple batches of methamphetamine in various stages of completion. Upon seeing the deputy, an unknown number of surprised occupants of the Nuckols residence fled through doors and windows to make their escape. Four individuals were detained and arrested, among them the Appellant and Ms. Nuckols.
 {¶ 4} On December 21, 2006, a Scioto County grand jury issued a three-count indictment charging the Appellant with illegal possession of chemicals for the manufacture of methamphetamine, in violation of R.C. 2925.041(A), illegal manufacture of drugs (methamphetamine) in violation of R.C. 2925.04(A), and possession of criminal tools in violation of R.C. 2923.24. Ms. Nuckols was also indicted on the same charges.
 {¶ 5} On April 9, 2007, the matter was tried to a jury. At the conclusion of the trial, the Appellant was found not guilty of the principal offenses for which he was indicted, but was found guilty of complicity in the manufacture of methamphetamine. He was subsequently sentenced to four years in prison. He now appeals from this judgment and sentence, asserting the following assignments of error:
 II. Assignments of Error *Page 4 {¶ 6} 1. THE TRIAL COURT DEPRIVED MR. BRANHAM OF A FAIR TRIAL AND COMMITTED PLAIN ERROR WHEN IT FAILED TO INSTRUCT THE JURY THAT IN ORDER TO FIND MR. BRANHAM GUILTY OF COMPLICITY, THE JURY MUST HAVE DETERMINED THAT MR. BRANHAM KNOWINGLY AIDED OR ABETTED ANOTHER IN THE COMMISSION OF AN OFFENSE.
 {¶ 7} 2. TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION ANS SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, FOR FAILING TO OBJECT WHEN THE TRIAL COURT DID NOT INSTRUCT THE JURY THAT IN ORDER FOR MR. BRANHAM TO BE FOUND GUILTY OF COMPLICITY, THE JURY MUST HAVE DETERMINED THAT MR. BRANHAM KNOWINGLY AIDED OR ABETTED ANOTHER IN THE COMMISSION OF AN OFFENSE.
 {¶ 8} 3. THE TRIAL COURT VIOLATED MR. BRANHAM'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN IT ENTERED A JUDGMENT OF CONVICTION FOR COMPLICITY TO THE ILLEGAL MANUFACTURE OF DRUGS, WHICH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. Legal Analysis {¶ 9} In his first assignment of error, the Appellant contends the trial court deprived him of a fair trial, committing plain error, when it failed to instruct the jury that in order to find the Appellant guilty of complicity in the manufacture of methamphetamine, it had to determine that he knowingly aided or abetted another in the commission of the offense. In his second assignment of error, the Appellant argues his trial counsel provided him with *Page 5 
ineffective assistance for failing to object when the trial court failed to instruct the jury of the "knowingly" requirement for the complicity charge. For ease of analysis, we will address these assignments of error jointly.
 {¶ 10} Failure to object to an alleged error by the trial court so that the court can correct its error results in a waiver of all but plain error review. See State v. Johnson (2006), 112 Ohio St.3d 210,214, 858 N.E.2d 1144. The doctrine of plain error is governed by CrimR. 52(B). Under Crim. R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." For a reviewing court to find plain error, three conditions must exist: (1) an error in the proceedings; (2) the error must be plain, i.e., the error must be an "obvious" defect in the trial proceedings; and (3) the error must have affected "substantial right," i.e., the trial court's error must have affected the outcome of the trial. State v. Parish, Washington App. Nos. 05CA14 and 05CA15,2005-Ohio-7109, at ¶ 18, citing State v. Noling, 98 Ohio St.3d 44, 56,2002-Ohio-7044, 781 N.E.2d 88; State v. Barnes, 94 Ohio St.3d 21, 27,2002-Ohio-68, 759 N.E.2d 1240; State v. Sanders (2001),92 Ohio St.3d 245, 257, 750 N.E.2d 90; State v. Hill (2001), 92 Ohio St.3d 191, 200,749 N.E.2d 274. Additionally, the Supreme Court of Ohio has stated that CrimR. 52(B) is to be invoked "with the utmost caution, under exceptional *Page 6 
circumstances and only to prevent a manifest miscarriage of justice."Parish, supra, at ¶ 18, citing State v. Landrum (1990), 53 Ohio S.3d 107, 111, 559 N.E.2d 710; State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804, ¶ 3 of the syllabus. A reviewing court should consider noticing plain error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.Parish, supra, at ¶ 18, citing Barnes, 94 Ohio St.3d at 27; UnitedStates v. Olano (1993), 507 U.S. 725, 736, 113 S.Ct. 1770; United Statesv. Atkinson (1936), 297 U.S. 157, 160, 56 S.Ct. 391.
 {¶ 11} In order to demonstrate ineffective assistance of counsel, as claimed by the Appellant, an appellant must meet two requirements. First, an appellant must demonstrate that counsel's performance was deficient by showing that counsel committed errors so serious that he or she was not, in effect, functioning as counsel. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052. Second, an appellant must demonstrate that these errors prejudiced his defense. Id. In order to prove that counsel's deficient performance prejudiced an appellant's defense, the appellant must show that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, 143, 538 N.E.2d 373. Courts must indulge a strong *Page 7 
presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See Strickland, supra, at 689.
 {¶ 12} The Appellant claims that the trial court committed plain error when it failed to instruct the jury that in order to find the Appellant guilty of complicity in the manufacture of methamphetamine, it had to determine he knowingly aided or abetted another in the commission of the offense. The State has the burden of establishing all material elements of a crime by proof beyond a reasonable doubt. State v. Adams (1980),62 Ohio St.2d 151, 153, 404 N.E. 2d 144. As a general rule, a defendant is entitled to have the jury instructed on all elements that must be proved to establish the crime with which he is charged, and, where specific intent or culpability is an essential element of the offense, a trial court's failure to instruct on that mental element constitutes error. Id. Instructing the jury on complicity, the trial court said the following:
 "Now no person, acting with the kind of culpability required for the commission of an offense, shall aid or abet another to commit an offense.
 "In order to constitute aiding and abetting, the accused must have taken some role in causing the commission of the offense. The mere presence of an accused at the scene of a crime is not sufficient to prove, in and of itself, that the accused was either an aider and [sic] abettor. Aided or abetted means supported, assisted, encouraged, cooperated with, advised or incited. *Page 8 
 "Whoever is guilty of complicity in the commission of an offense shall be prosecuted as if he were the principal offender."
(Emphasis added). In the case sub judice, the words "acting with the kind of culpability required for the commission of an offense" relate back to the instruction pertaining to the illegal manufacture of drugs, which states,
 "The Defendant is also charged with Illegal — Count 2, Illegal Manufacture of Drugs. Before you can find the Defendant guilty, you must find beyond a reasonable doubt that on or about the 11th day of November, 2006, in Scioto County, Ohio, the Defendant did knowingly manufacture or otherwise engage in any part of the production of a controlled substance, being methamphetamine."
(Emphasis added). Relating back to the instruction on the illegal manufacture of drugs charge, it is easily determined that the culpability required for the complicity charge is "knowingly." We therefore find that the trial court committed no error, let alone plain error, when giving its instruction on culpability. In the same vein, trial counsel for the Appellant did not render ineffective assistance by failing to object to a proper jury instruction. Accordingly, the Appellant's first and second assignments of error are overruled.
 {¶ 13} In his third assignment of error, the Appellant contends the trial court's decision was against the manifest weight of the evidence. When considering an appellant's claim that a conviction is against the manifest weight of the evidence, our role is to determine whether the evidence *Page 9 
produced at trial attains the high degree of probative force and certainty required of a criminal conviction. State v. Getsy (1998),84 Ohio St.3d 180, 193, 702 N.E.2d 866. The reviewing court sits, essentially, as a thirteenth juror and may disagree with the fact finder's resolution of the conflicting testimony. State v.Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, quotingTibbs v. Florida (1982), 457 U.S. 31, 42, 102 S.Ct. 2211. The reviewing court must dutifully examine the entire record, weighing the evidence and considering the credibility of witnesses, keeping in mind that credibility is generally an issue for the trier of fact to resolve.State v. Thomas (1982), 70 Ohio St.2d 79, 80, 434 N.E.2d 1356; State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus,227 N.E.2d 212. The reviewing court may reverse the conviction if it appears that the fact finder, in resolving evidentiary conflicts, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Thompkins, supra, at 387. On the other hand, we will not reverse a conviction if the state presented substantial evidence upon which the trier of fact could reasonably conclude that all the elements had been established beyond a reasonable doubt. Getsy, supra, at 193-94, quoting State v. Eley (1978),56 Ohio St.2d 169, syllabus, 383 N.E.2d 132. *Page 10 
 {¶ 14} In the case sub judice, the Appellant was discovered by a sheriffs deputy at the residence of co-defendant Cindy Nuckols during an active "meth cook" involving multiple batches of methamphetamine in various stages of completion. Co-defendant Nuckols testified that the Appellant's role in the cook was to provide a specially-designed gas tank containing anhydrous ammonia, a vital component in the manufacture of methamphetamine. Ms. Nuckols also testified that the Appellant stopped at her residence earlier on the day of the "meth cook" and dropped off the gas tank filled with anhydrous ammonia, in accordance with a previously-made plan, and that he returned to her residence to pick up his "cut" of the methamphetamine shortly before the deputy arrived. In light of this testimony, the Appellee offered substantial evidence upon which the jury could reasonably conclude that all the elements of complicity in the manufacture of methamphetamine had been established beyond a reasonable doubt. We hereby overrule the Appellant's third assignment of error.
 {¶ 15} In our view, the trial court did not err when it instructed the jury on the issue of complicity, and therefore, the Appellant's trial counsel did not provide him with ineffective assistance by failing to object to the instruction. We also find that the trial court's judgment was not against the manifest weight of the evidence, as the state offered substantial evidence in *Page 11 
support of the conviction. Accordingly, we affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 12 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. and Kline, J.: Concur in Judgment and Opinion. *Page 1